SALCINES, Judge.
Donald E. Rieger appeals his convictions and sentences for trafficking in Hydroco- *218 done, sale of Oxycodone, possession of Ox-ycodone, sale of marijuana, and possession of marijuana, all of which resulted from a jury’s verdict of guilt. We affirm the convictions without discussion. We also affirm the sentences except for the mandatory minimum sentence for trafficking, which we reverse.[1]
Rieger was sentenced to various terms including a fifteen-year minimum-mandatory term of incarceration on his conviction for trafficking in Hydrocodone under section 893.135(l)(c)(l)(b), Florida Statutes (2001), for an offense committed on January 30, 2002. The mandatory minimum sentencing provision was added by chapter 99-188, Laws of Florida, which this court has declared to be unconstitutional as a violation of the single subject requirement. See Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002) (table decision). This court has held that the subsequent reenactments of these provisions by the legislature cannot be retroactively applied without violating the Ex Post Facto Clauses in the United States and Florida Constitutions. Green v. State, 839 So.2d 748 (Fla. 2d DCA), review granted, Franklin v. State, 854 So.2d 659 (Fla.2003). Because Rieger’s offense date falls within the Taylor window, see Green, 839 So.2d at 750 n. 1, the mandatory minimum sentence was improper and must be reversed. Rieger must be resentenced on the trafficking offense. We again certify that Taylor and Green conflict with State v. Franklin, 836 So.2d 1112 (Fla. 3d DCA), review granted, 854 So.2d 659 (Fla.2003). See Adams v. State, 869 So.2d 579 (Fla. 2d DCA 2003), proceedings stayed, no. SC03-2293 (Fla. April 22, 2004).
Convictions affirmed, sentences affirmed except for mandatory minimum sentence which is reversed and remanded for resen-tencing, and conflicts certified.
STRINGER and CANADY, JJ., concur.

. During the pendency of this appeal, Rieger filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), in which he challenged only the mandatory minimum sentence imposed on his conviction for trafficking.